IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-164-D
No. 5:15-CV-89-D

| | |
|---|---|
| PATRICE ANTONETTE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On March 9, 2015, Patrice Antonette Williams ("Williams") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her 30-month sentence [D.E. 50]. On July 6, 2015, the government moved to dismiss Williams's motion [D.E. 58, 59]. On July 30, 2015, Williams responded in opposition [D.E. 61]. As explained below, the court grants the government's motion to dismiss in part, dismisses all of Williams's claims under section 2255 except her claim that her counsel failed to file a notice of appeal, and directs Magistrate Judge Gates to hold a prompt evidentiary hearing concerning Williams's remaining claim and to issue a memorandum and recommendation.

I.

Williams was the paramour of a high-volume drug dealer and conspired with him to launder drug proceeds from October 2006 to December 2011. See Presentence Investigation Report ("PSR") [D.E. 24] ¶¶ 6–10. On July 15, 2013, Williams pleaded guilty, pursuant to a written plea agreement [D.E. 13], to one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). See Rule 11 Tr. [D.E. 56] 29–32; [D.E. 1] (criminal information). On February 19, 2014,

the court conducted Williams's sentencing hearing and calculated her advisory guideline range as 70 to 87 months' imprisonment, based on a criminal history category I and total offense level of 21. See Sentencing. Tr. [D.E. 57] 4–5. The court then granted the government's motion under U.S.S.G. § 5K1.1. See id. 5–10. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Williams's allocution, the court sentenced Williams to 30 months' imprisonment. See id. 10–30. On February 25, 2014, the court entered judgment. See [D.E. 31]. Williams did not appeal.

In Williams's section 2255 motion, Williams alleges that her counsel was constitutionally ineffective by: (1) failing to conduct an adequate pretrial investigation, (2) failing to advise Williams of the consequences of pleading guilty as opposed to going to trial and failing to tell Williams about the statutory maximum, (3) failing to file any substantive pretrial motions, (4) failing to negotiate a more favorable plea agreement, (5) failing to explain the PSR to Williams, (6) failing to object to the PSR, (7) failing to file a sentencing memorandum, (8) failing to argue "for mitigation of sentence at sentencing," (9) failing to object to Williams's sentence as substantively unreasonable, and (10) failing to file a notice of appeal, as she requested. See [D.E. 50] 4–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

2

Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient

3

performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

4

In order to demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. Because Williams pleaded guilty, Williams must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In Williams's first claim, Williams alleges that counsel was constitutionally ineffective by failing to conduct an adequate pretrial investigation. See [D.E. 50] 4; [D.E. 61] 6–8. Williams concedes, however, that counsel reviewed all the discovery received from the government before advising her to plead guilty and to cooperate and fails to identify anything that a different investigation would have revealed. See [D.E. 61] 6–8. Thus, Williams has failed to plausibly allege deficient performance or prejudice. See, e.g., Premo v. Moore, 562 U.S. 115, 123–32 (2011); Hill, 474 U.S. at 57–59; Strickland, 466 U.S. at 687, 691–96; Dyess, 730 F.3d at 359.

In Williams's second claim, Williams alleges that counsel was constitutionally ineffective by failing to advise her of the consequences of pleading guilty as opposed to going to trial and by failing to tell Williams about the statutory maximum. See [D.E. 50] 4. At Williams's Rule 11 proceeding, however, the court ensured that Williams's plea was knowing and voluntary (including that she knew and understood the statutory maximum), that Williams was competent, and that Williams understood the consequences of pleading guilty as opposed to going to trial. See Rule 11

5

Tr. 2–33. Williams's sworn statements at her Rule 11 proceeding are binding on her. See, e.g., Blackledge, 431 U.S. at 74 & n.4; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Moreover, Williams's sworn statements at her Rule 11 proceeding defeat her second claim both as to performance and prejudice. See, e.g., Hill, 474 U.S. at 57–59; Strickland, 466 U.S. at 687, 691–96.

In Williams's third claim, Williams alleges that counsel was constitutionally ineffective by failing to file any substantive pretrial motions. See [D.E. 50] 4; [D.E. 61] 9–10. Again, however, Williams fails to identify with any specificity what motions her counsel allegedly should have filed and likewise fails to plausibly identify what those motions would have produced or how the result of the proceeding would have been different had they been granted. As such, Williams has failed to plausibly allege either deficient performance or prejudice. See, e.g., Premo, 562 U.S. at 123–32; Hill, 474 U.S. at 57–59; Strickland, 466 U.S. at 687, 691–96; Dyess, 730 F.3d at 359. This conclusion holds particularly true in this case where counsel's advice resulted in Williams receiving a motion under section 5K1.1 and a sentence substantially below her advisory guideline range.

In Williams's fourth claim, Williams alleges that her counsel was constitutionally ineffective by failing to negotiate a more favorable plea agreement. See [D.E. 50] 4; [D.E. 61] 8. Such a vague allegation, however, fails to state a claim upon which relief can be granted. See Dyess, 730 F.3d at 359.

In Williams's fifth claim, Williams alleges that counsel was constitutionally ineffective by failing to explain the PSR to her. See [D.E. 50] 5. At Williams's sentencing hearing, however, she made a sworn statement directly to the contrary. See Sentencing Tr. 2–4. That sworn statement defeats this claim. See, e.g., Blackledge, 431 U.S. at 74 & n.4; Lemaster, 403 F.3d at 221.

6

In Williams's sixth claim, Williams alleges that her counsel was constitutionally ineffective by failing to object to the PSR. See [D.E. 50] 5; [D.E. 61] 13. According to Williams, counsel could have objected to the amount of the laundered funds, to her knowledge that the laundered funds were from drug proceeds, and to the enhancement imposed under U.S.S.G. § 2S1.1(b)(2)(B). See [D.E. 61] 13; cf. PSR ¶¶ 38–40. This claim fails, however, because Williams has not plausibly alleged why the court would have sustained these objections. Cf. Premo, 562 U.S. at 123–32; Glover, 531 U.S. at 201–02, 204–05. Furthermore, counsel's tactical decisions to drop baseless objections, to obtain a section 5K1.1 motion from the government, and to seek leniency at sentencing are entitled to deference. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661 (4th Cir. 1995) (per curiam) (unpublished table decision). Moreover, Williams has failed to plausibly allege prejudice. See, e.g., Premo, 562 U.S. at 123–32; Knowles, 556 U.S. at 127–28; Bobby, 558 U.S. at 12; Strickland, 466 U.S. at 699–700.

In Williams's seventh claim, Williams alleges that her counsel was constitutionally ineffective by failing to file a sentencing memorandum. See [D.E. 50] 5; [D.E. 61] 13. According to Williams, counsel could have filed a sentencing memorandum explaining her abusive relationship with her drug-dealer boyfriend. See [D.E. 61] 13–14. Counsel, however, persuasively and extensively emphasized this point during the sentencing hearing. See Sentencing Tr. 10–17. Thus, Williams has failed to plausibly allege either deficient performance or prejudice.

In Williams's eighth claim, Williams alleges that her counsel was constitutionally ineffective by failing to argue "for mitigation of sentence at sentencing." See [D.E. 50] 5. Again, however, counsel's arguments at sentencing belie and defeat this claim. See Sentencing Tr. 10–17. Thus, Williams has failed to plausibly allege either deficient performance or prejudice.

In Williams's ninth claim, Williams alleges that her counsel was constitutionally ineffective by failing to object to her sentence as substantively unreasonable. See [D.E. 50] 5. Williams, however, received a 30-month sentence even though her advisory guideline range was 70 to 87 months' imprisonment. Given the entire record, any objection that Williams's sentence was substantively unreasonable would have been baseless. See, e.g., Rita v. United States, 551 U.S. 338, 345–56 (2007); United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); United States v. Evans, 526 F.3d 155, 165–66 (4th Cir. 2008). The Sixth Amendment does not require counsel to make a baseless objection. See, e.g., Knowles, 556 U.S. at 126–27. Thus, this claim fails.

In her tenth claim, Williams alleges that counsel was ineffective by failing to file a notice of appeal after she requested him to do so. See [D.E. 50] 5; [D.E. 61] 14–16. Williams has stated a claim. See United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished); see also Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (per curiam). Accordingly, the court directs Magistrate Judge Gates to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See Diaz v. United States, Nos. 7:09-CR-100-D-3, 7:11-CV-43-D, [D.E. 310] (E.D.N.C. Nov. 12, 2014) (memorandum and recommendation) (unpublished), adopted, 2014 U.S. Dist. LEXIS 177775 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR- 126-D, 7:10-CV-69-D, [D.E. 71] (E.D.N.C. Aug. 27, 2013) (memorandum and recommendation) (unpublished), adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished).

II.

In sum, the court GRANTS in part the government's motion to dismiss [D.E. 58], DISMISSES all of Williams's claims except her claim that her counsel failed to file a notice of

appeal, and REFERS Williams's remaining ineffective-assistance-of-counsel claim to Magistrate Judge Gates for a prompt evidentiary hearing and memorandum and recommendation.

SO ORDERED. This 7 day of December 2015.

*JAMES C. DEVER III*
Chief United States District Judge